

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Attention:    Mr. D. B. Barrow

Opinion No. O-3866
Re:  Under H. B. No. 263, Acts
of the 47th Legislature,
is the premium on the bond
of the custodian payable
by the State?

Your letter of recent date requesting an opinion of this department upon the above stated question has been received.

We quote from your letter as follows:

"House Bill 263, passed by the Forty-Seventh Legislature, changed the method of paying for the services and expenses of custodians provided for in Article 4742.

"You will note upon a reading of the Bill that the fees secured from life insurance companies for registered policies are to be disposed of by the Commissioner in payment of annual rental of safety deposit boxes, 'the payment of the compensation and expense of a competent, reliable representative of the Life Insurance Commissioner to be appointed by him who shall have direct charge of the securities and safety deposit boxes containing the same. . .'

"Under the provisions of this law we have submitted to the Comptroller request for voucher to pay for the bond of Custodian Clifford Jackson of

Honorable O. P. Lockhart, Chairman, Page 2

Dallas, Texas. This Custodian has been duly
appointed by the Commissioners. He is required
by us to be bonded in the amount of $30,000.00
to protect the safe handling of securities under
his care and control. The securities which he
has charge of at the present time approximate
$63,000,000.00.

"The Comptroller under date of August 4 has
declined to pay this expense, citing us to opin-
ion from your Department dated September 16,
1933, and rendered by Assistant Attorney General
Gaynor Kendall, which opinion the Comptroller con-
siders prohibits him from paying the expenses in
this case."

House Bill No. 263, Acts of the 47th Legislature,
1941, amending Article 4742 of Chapter 3, Title 78, Revised
Civil Statutes of Texas, reads as follows:

"'Every company making deposit under the
provisions of this Chapter shall pay to the Life
Insurance Commissioner of the State of Texas for
each certificate placed on registered policies
or annuity bonds issued by the company, after the
original or first deposit is made hereunder, a
fee of Twenty-five (25) cents; and the fee so re-
ceived shall be disposed of by the said Life In-
surance Commissioner as follows:

"'1. The payment of the annual rental or
hire of the safety deposit fireproof box or vault
mentioned in Article 4741.

"'2. The payment of the compensation and ex-
pense of a competent and reliable representative
of the Life Insurance Commissioner, to be appointed
by him, who shall have direct charge of the secur-
ities and safety deposit boxes containing the same,
and through whom and under whose supervision the
insurance company may have access to its securities
for the purposes provided in this Chapter.

Honorable O. P. Lockhart, Chairman, Page 3

."'3.  The payment of the expense incurred
in connection with the certification, registra-
tion, and valuation of such policies or annuity
bonds.

"'4.  The Balance of such fees shall be
paid to the State Treasurer to the credit of
the general fund.'

"Sec. 2.  The fact that there is now no ade-
quate law permitting the payment of the expenses
incurred in connection with the certification,
registration, and valuation of policies registered
and certified to under the provisions of Article
4741 of the Revised Civil Statutes of Texas, 1925,
out of the fees paid by the insurance companies
issuing such registered policies, creates an emer-
gency and an imperative public necessity that the
Constitutional Rule requiring that bills be read
on three several days in each House be suspended,
and the same is hereby suspended, and that this
Act shall take effect and be in force from and
after its passage, and it is so enacted."

Senate Bill No. 423, Acts of the 47th Legislature,
1941, which is the appropriation bill for executive and ad-
ministrative departments of the state government, under the
heading of "Board of Insurance Commissioners" provides in
part:

"All fees received under the provisions of
Article 4742 shall be deposited in the State
Treasury and properly disposed of as provided
by law.  All or so much thereof as may be nec-
essary are hereby appropriated for salaries,
maintenance, travel and contingent expenses
necessary for administering the provisions of
Article 4740, 4741 and 4742 of the Revised Civil
Statutes, and by amendments thereto, during each
of the fiscal years ending August 31, 1942, and
August 31, 1943."

Honorable O. P. Lockhart, Chairman, Page 4

. We understand that the custodian above mentioned is not required by law to be bonded, however, the Board of Insurance Commissioners has determined in its discretion that the custodian shall be bonded in the amount of $30,000 to protect the safe handling of securities under his care and control.

We find in the appropriation bill relative to the Insurance Department of the State of Texas certain appropriations for insurance and bond premiums. However, we think that these appropriations to pay bond premiums must be used to pay the premiums on bonds required by law. It appears that the appropriation bill provides no sum of money specifically for the payment of bond premiums of the above mentioned custodian.

As stated in our Opinion No. 0-2092:

"It is the rule that an officer or agent of the state is allowed only such compensation and emoluments as are expressly conferred upon him as remuneration for the discharge of his official duties as an agent of the state. McCalla vs. City of Rockdale, 112 Tex. 209, 246 S. W. 654. It follows that any public officer or agent who demands mileage, fees or expenses must point out some statute authorizing its allowance. Where a duty requiring an expenditure of money is imposed upon a public officer or agent, and no provision is made to defray the same, such an officer or agent is deemed to be repaid for expenses incurred in the discharge of such duty by whatever compensation is allowed and paid to him for his services as such public agent."

It is therefore apparent, that in order for the above mentioned custodian to be entitled to reimbursement for the expenses incurred by him in furnishing the bond required by the Board of Insurance Commissioners, there must exist some statutory provision for the allowance and payment

Honorable O. P. Lockhart, Chairman, Page 5

of the same.

There is no provision of the general statutes or the current appropriation bill, that we have been able to find, which authorizes reimbursement to the above mentioned custodian for expenses incurred by him in furnishing the bond required by the Board of Insurance Commissioners.

Since there is no provision of the statute or specific item in the appropriation bill contemplating reimbursement by the state to the custodian for the expenses incurred by him in furnishing the bond required by the Board of Insurance Commissioners, you are respectfully advised that it is the opinion of this department that such bond premiums can not be lawfully paid by the State, but the premiums of such bond should be paid personally by the custodian.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ~~Ardell Williams~~

Ardell Williams
Assistant

AW:lh

APPROVEDAUG 21, 1941

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN